mittitur to $600, *held* not excessive where a man was bitten in the leg by the defendant's dog, and where the leg bled profusely and the laceration of the muscles caused a permanent condition, and plaintiff was under the care of a physician for nearly three months and suffered an actual loss of twenty weeks' time at $18 a week.

2. ANIMALS, § 43*—*when evidence is sufficient to sustain judgment for injuries to person by dog.* In an action to recover for personal injuries sustained by plaintiff as the result of being bitten by a dog of the defendant, where it appeared that the plaintiff was visiting at a house located in the rear of the lot on which the defendant's saloon was located; that as he was leaving the premises, the dog, which was being led by a chain, jumped up and bit plaintiff, and that the vicious character of the dog was known to the defendant, *held* that the judgment in favor of the plaintiff would not be disturbed.

# William A. Zeno, Appellee, v. Dr. James H. Ballard, Appellant.

## Gen. No. 22,937.    (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. SAMUEL C. STOUGH, Judge, presiding. Heard in this court at the October term, 1916. Reversed and judgment here. Opinion filed April 30, 1917.

## Statement of the Case.

Action by William A. Zeno, plaintiff, against Dr. James H. Ballard, defendant, to recover damages for malicious prosecution of a criminal case against plaintiff. From a judgment for seventy dollars in favor of plaintiff, defendant appeals.

WILLIAM S. STAHL, for appellant.

No appearance for appellee.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Zeno v. Ballard, 205 Ill. App. 421.

MR. PRESIDING JUSTICE McSURELY delivered the opinion of the court.

## Abstract of the Decision.

1. MALICIOUS PROSECUTION, § 13*—*when person acting on advice of prosecuting attorney is not liable for arrest of plaintiff on criminal charge.* In an action for malicious prosecution for causing plaintiff's arrest, where it appeared that plaintiff, by forging defendant's name to a receipt for certain articles, secured such articles; that plaintiff possessed a bad reputation, and had previously served in the bridewell on a sentence for forgery; that before taking out the warrant the defendant went to the State's Attorney's office and accurately stated the facts to two assistant State's Attorneys and was by them advised to get out a warrant for forgery, and was directed to another assistant State's Attorney at a branch of the Municipal Court, and, upon stating the facts to him, was advised to get out the warrant and thereupon he caused the arrest of plaintiff, *held* that under such circumstances the defendant could not be held answerable.

2. MALICIOUS PROSECUTION, § 13*—*when person consulting attorney not liable for institution of criminal proceedings.* Where a person before commencing criminal proceedings consults an attorney in good standing and gives him all the facts, and then acts upon the attorney's advice, he will not be liable in an action for malicious prosecution.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.